UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| JOHN GREEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-59-HRW |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et* ) | **MEMORANDUM OPINION** |
| *al.*, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

John Green is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Green filed this civil rights complaint under the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), challenging the conditions of his confinement at the prison, which he alleges that he experienced in early 2010. The defendants have filed a motion to dismiss the complaint, or in the alternative, for summary judgment. Green has not filed a response opposing the defendants' motion, but instead has asked the Court to reconsider its prior Order denying his request to appoint counsel to represent him in this case. For the reasons explained below, the Court will deny Green's motion and will grant the defendants' motion for summary judgment.

## BACKGROUND

In his complaint Green alleged that in March 2010, his cellmate at the prison (Manuel Raul Reyes-Peña) threatened him; that prison officials would not relocate either of them; and that two months later, on May 24, 2010, Reyes- Peña assaulted him. Green claimed that the defendants' failure to prevent the assault constituted negligence and a violation of his constitutional rights. [D. E. No. 2, pp. 4-5, 8]

On June 11, 2012, the Court screened Green's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, dismissed Green's individual capacity Eighth Amendment claims against the other defendants without prejudice, but directed Unit Manager Jimmy Pittman to respond to Green's Fifth and Eighth Amendment claims and the United States to respond to Green's negligence claims. [D. E. No. 14]

On September 17, 2012, Pittman and the United States moved to dismiss the complaint, or in the alternative, moved for summary judgment. [D. E. No. 20] Out of an abundance of caution and to preserve Green's rights, the Court entered an Order on September 18, 2012, directing Green to file a response to the defendants' dispositive motion within 21 days. [D. E. No. 21] That Order notified Green that his failure to file a response could be deemed an admission of the contents of the defendants' motion, a waiver of his opposition to it, and result in the dismissal of his case. *Id.*

Green did not file a response to the defendants' motion, but instead filed a motion requesting that the Court appoint counsel to represent him, as well as an extension of time to respond to the defendants' motion. [D. E. No. 22] On November 14, 2012, the Court denied Green's request for the appointment of counsel, finding that he had adequately articulated his allegations and that his claims did not involve the kind of extraordinary circumstances warranting the appointment of counsel. [D. E. No. 23] However, the Court granted Green's request for additional time to respond to the defendants' dispositive motion, and directed him to do so within 28 days.

Instead of filing a substantive response to the defendants' motion for summary judgment as directed by the Court, on November 28, 2012, Green simply reiterated his request for the appointment of counsel in the form of a motion for reconsideration. [D. E. No. 25] In his motion, Green argues that he needs appointed counsel because (1) he has limited knowledge of the English language; (2) he has limited knowledge of the law; (3) another USP-McCreary inmate, who has since been transferred, helped him prepare his complaint; and (4) the Warden of USP - McCreary has the "the power and influence to have any Inmate that assists the plaintiff transferred to another facility to stop that assistance...." [D. E. No. 25, p. 1]

## DISCUSSION

The appointment of counsel in a civil proceeding is not a constitutional right

and is justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). To determine whether these exceptional circumstances exist, courts evaluate "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F. 2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F. 2d 1328, 1331 (9th Cir 1986); *see also Archie v. Christian*, 812 F. 2d 250, 253 (5th Cir. 1987). Applying these criteria, for the same reasons previously stated the Court will again deny Green's request for appointed counsel.

The defendants' motion for summary judgment has now been pending for nearly four months, and despite repeated orders to do so, Green has failed or refused to respond to it. Green has stated that he is unable to respond for himself, having chosen in the past to rely upon assistance from "jail-house lawyers" to submit filings on his behalf. Notably, when Green filed his first motion requesting the appointment of counsel on October 2, 2012, he did not mention this consideration, nor any of his current assertions that lacks a command of the English language or any knowledge of the law. At that time, he stated only that he was not a lawyer, had never been to law school, and did not know his "remedy." [D. E. No. 22]

Regardless, none of Green's new arguments necessitate the appointment of counsel: neither illiteracy, unfamiliarity with the English language, nor lack of

4

education relieves a non-moving party from showing that a genuine issue of material fact exists at the summary judgment stage. *Gray v. First Century Bank*, 547 F. Supp. 2d 815, 823 (N. D. Ohio 2008); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003) (inmate's lack of legal training, poor education and even illiteracy does not provide reason to toll the applicable statute of limitations for filing a habeas corpus petition under 28 U.S.C. § 2254).

If Green intended his motion for reconsideration to substitute as either a substantive response to the defendants' motion for summary judgment, or as another motion for extension of time, his expectations were unreasonable. Just two weeks before, on November 14, 2012, the Court denied his request for appointed counsel. Green knew from the Court's prior Order that it considered his ability to represent himself to be sufficient. [D. E. No. 23-1, p. 2] Green was therefore required to file a substantive response to the defendants' motion within the time permitted. For these reasons, Green's motion will be denied.

Even so, a district court can not grant summary judgment pursuant to Federal Rule of Civil Procedure 41 solely because the non-moving party has failed to respond to the motion within the applicable time limit. *Miller v. Shore Financial Services, Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

If a district court's local rules require a non-moving party to respond to a motion within a certain time, the Federal Rules of Civil Procedure still require the moving party to demonstrate the absence of a disputed question of material fact and grounds that would entitle it to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Stough*, 138 F.3d at 614; *Carver*, 946 F.2d at 454-55. When a non-moving party fails to respond, the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden. *See Stough*, 138 F.3d at 614. The Court will examine the defendants' motion for summary judgment to determine if they have carried their burden.

The sworn declarations which the defendants have submitted demonstrate that no genuine issue of material fact exists as to any of Green's claims. In his declaration, Phillip Resch, Green's Correctional Counselor during the relevant time period, states that once he learned in March 2010 that both Green and Reyes-Peña had lower bunk medical passes for the same cell, he located another cell with a lower bunk for Green in the same unit, but that Green refused to move there, citing potential "affiliation and/or background" conflicts with the occupant of that cell. [D. E. No. 20-4, ¶ 3] Resch notes that neither Green nor Reyes-Peña were classified as "separatee" inmates, and that the prison staff possessed no information indicating that either of them had any pre-existing problems or security issues. [*Id.*, ¶ 4]

6

Resch states that for the next two and a half months, neither Green nor Reyes-Peña complained of problems between them, showed signs of animosity or violence, or otherwise gave the prison staff any reason to suspect that two and a half months later, they would become involved in a physical altercation. [*Id.*] Pittman testifies similarly, stating that once Green notified the staff that both he and Reyes-Peña had been assigned the lower bunk in the same cell, Peña had apparently agreed to accept the top bunk, and that the prison staff had received no complaints from either inmate during the two and one-half months prior to the altercation on May 24, 2010. [D. E. No. 20-3, ¶¶ 4-5]

Other than the broad and conclusory allegations contained in his complaint, Green offers nothing to dispute Resch's and Pittman's detailed account of the facts relating to his cell assignment. Speculative and conclusory allegations, even those contained in a verified complaint, are not sufficient to withstand a motion for summary judgment. *See, e.g., Saleh v. City of Warren, Ohio*, 86 F. App'x 866, 868 (6th Cir. 2004) (citing *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989) ("affidavits [that] merely repeated the [plaintiff's] vague and conclusory allegations ... were insufficient to generate a genuine issue of material fact.")); *Hamilton v. Roberts*, No. 97–1696, 1998 WL 639158, at *4 (6th Cir. Sept. 10, 1998); *Woods v. Hamilton County Jail*, No. 1:09–CV–137, 2010 WL 1882113, at *5 (E.D. Tenn. May

7

10, 2010).

The sworn testimony of Resch and Pittman substantiates that before May 24, 2010, the staff at USP - McCreary had no reason to believe that allowing Green and Reyes-Peña to share a cell presented any heightened risk of an altercation between them. While Green's conclusory allegations of negligence and deliberate indifference to his safety sufficed at the initial screening stage to avoid *sua sponte* dismissal, they are inadequate to overcome the defendants' motion for summary judgment, supported by sworn declarations, as to either his negligence claims or his claims of deliberate indifference to his safety. The defendants' motion for summary judgment as to Green's FTCA and Eighth Amendment claims will be granted.

Green's remaining claim - that Pittman violated his Fifth Amendment rights - suffers from the same defect. In his complaint, Green alleged in vague and conclusory terms that Pittman violated his Fifth Amendment rights, but he offered no other details in support of this claim. The defendants contend that Green's broad allegation on this issue lacks specificity, and Green's failure to respond or provide any clarification of the factual or legal basis for this claim is not sufficient to withstand a motion for summary judgment. *Emmons*, 874 F.2d at 358. The defendants' motion for summary judgment as to Green's Fifth Amendment claim will also be granted.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff John Green's motion for reconsideration of the denial of the appointment of counsel [D. E. No. 25] is **DENIED**.

2. The Motion to Dismiss, or in the Alternative, for Summary Judgment [D. E. No. 20] filed by Defendants Jimmy Pittman and the United States is **GRANTED**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This January 17, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge